# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAUNCEY HOLLIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. GONZALEZ, et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO. 1:09-cv-00156-OWW DLB PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 1)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

**Screening Order**

**I.   Screening Requirement**

Plaintiff Chauncey Hollis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 26, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Summary of Plaintiff's Complaint

Plaintiff is currently housed at California Institution for Men in Chino, California. The events giving rise to the claims at issue in this action allegedly occurred at California Correctional Institute in Tehachapi. Plaintiff alleges that prison officials ignored his 602 prison grievances, denied him law library access, and then subsequently retaliated against him for his grievance activity. Plaintiff alleges a violation of the Eighth and Fourteenth Amendments of the United States Constitution.

### A. Inmate Appeals Process

Plaintiff alleges that defendant K. Sampson, an appeals coordinator, ignored Plaintiff's 602 grievances. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495.

Plaintiff's claims against defendant Sampson fail as a matter of law.

**B.    Denial of Law Library Access**

Plaintiff alleges that he was denied access to the law library. Inmates have a fundamental constitutional right of access to the courts. <u>Lewis v. Casey</u>, 518 U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. <u>Id.</u> at 354. The State is not required to enable the inmate to discover grievances or to litigate effectively once in court. <u>Id.</u>

Inmates do not have the right to a law library or legal assistance. <u>Id.</u> at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. <u>Id.</u> Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." <u>Id.</u> Rather, an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. <u>Id.</u>

Plaintiff has no right to law library and has not alleged the existence of any actual injury to litigation of a criminal appeal, habeas petition or civil rights action. Plaintiff fails to state a claim upon which relief may be granted.

**C.    Retaliation Claims**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir. 1985); <u>see also</u> <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135 (9th Cir. 1989); <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005).

Adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity. <u>Pinard v. Clatskanie School Dist.</u>, 467 F.3d 755, 770 (9th Cir. 2006); <u>White v. Lee</u>, 227 F.3d 1214, 1228 (9th Cir. 2000); <u>see also</u> <u>Lewis v. Jacks</u>, 486 F.3d 1025, 1028 (8th Cir. 2007); <u>see</u>

3

also Thomas v. Eby, 481 F.3d 434, 440 (6th Cir. 2007); Bennett v. Hendrix, 423 F.3d 1247, 1250-51 (11th Cir. 2005); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 500 (4th Cir. 2005); Gill v. Pidlypchak, 389 F.3d 379, 381 (2d Cir. 2004); Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Both litigation in court and filing inmate grievances are protected activities and it is impermissible for prison officials to retaliate against inmates for engaging in theses activities. However, not every allegedly adverse action will be sufficient to support a claim under section 1983 for retaliation. In the prison context, cases in this Circuit addressing First Amendment retaliation claims involve situations where the action taken by the defendant was clearly adverse to the plaintiff. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (retaliatory placement in administrative segregation for filing grievances); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (retaliatory validation as a gang member for filing grievances); Hines v. Gomez, 108 F.3d 265, 267(9th Cir. 1997) (retaliatory issuance of false rules violation and subsequent finding of guilt); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (retaliatory prison transfer and double-cell status in retaliation); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (inmate labeled him a snitch and approached by other inmates and threatened with harm as a result); Rizzo v. Dawson, 778 F.2d 527, 530-32 (9th Cir. 1985) (retaliatory reassignment out of vocational class and transfer to a different prison).

Plaintiff's allegations that defendant Hawkins shook down Plaintiff's cell and rerouted Plaintiff's mail because of plaintiff's grievance activity is sufficient to state a cognizable claim for retaliation. However, Plaintiff does not allege facts sufficient to support any claims of retaliation against defendant Recendez, Gutierez, or Reed.

With respect to defendant Recendez, a bare allegation that Plaintiff's cell was searched is insufficient to state a claim for retaliation. Plaintiff has not sufficiently alleged that defendant Recendez searched Plaintiff's cell because of Plaintiff's engagement in protected activity and that the cell search did not reasonably advance a legitimate correctional goal.

Plaintiff has also alleged that defendant Reed informed other officers that Plaintiff was causing problems. Stating that Plaintiff is problematic is not the type of adverse action that gives rise

4

to a cognizable claim for relief for retaliation. Plaintiff fails to state a claim against defendant Reed.

Finally, with respect to defendant Gutierez, Plaintiff alleges only that he asked defendant Gutierez about his mail being opened.[1] Responding to Plaintiff's inquiry does not support any federal claims against defendant Gutierez.

**D.     Section 1983 Linkage Requirement and Supervisory Liability**

Under section 1983, Plaintiff is required to show that Defendants (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

"Although there is no pure *respondeat superior* liability under § 1983, a supervisor [may be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.

---

[1] Plaintiff appears to also allege that his mail from the United States District Court was opened. The mere fact that prison officials open and conduct a visual inspection of a prisoner's legal correspondence does not state a claim for violation of a prisoner's constitutional rights. See Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974); Mitchell v. Dupnick, 75 F.3d 517, 523 (9th Cir. 1996). Prison officials may, consistent with the First Amendment, open mail from attorneys in the presence of the prisoner for visual inspection. See Wolff v. McDonnell, 418 U.S. 539, 576-7 (1974); Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir. 1981). In Wolff v. McDonnell, the Supreme Court noted that inspecting mail from attorneys in the presence of the inmate did all, and perhaps even more, than the Constitution requires. Id. at 577. The issue of whether or not prison officials may also, consistent with the First Amendment, open and visually inspect mail from attorneys outside the presence of the prisoner has not been decided by the Supreme Court or by the Ninth Circuit. In Wolff v. McDonnell, the legal mail at issue was mail sent to respondent from his own attorney. Correspondence between an attorney and a client is entitled to special protection under the attorney-client privilege. "Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996). "All correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files." Id. at 1094 (citing to Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987)).

5

1989)).

Plaintiff's complaint is devoid of any allegations whatsoever against defendant Gonzalez and therefore Plaintiff fails to state a claim against him.

### E. Eighth Amendment Claim

Plaintiff alleges a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's claims as detailed above are insufficient to support an Eighth Amendment claim.

### F. Equal Protection Clause

Plaintiff alleges that Defendants violated the Equal Protection Clause, which requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972);

Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

Plaintiff's complaint is devoid of any allegations supporting a claim that he was intentionally discriminated against by Defendants, and his equal protection claim fails as a matter of law.

### III. Conclusion and Order

Plaintiff's complaint states a claim under the First Amendment against Defendant Hawkins for retaliation, but fails to state any federal claims against Defendants Sampson, Reed, Gutierez, Gonzalez, Recendez or Hackett. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendant Hawkins, Plaintiff may so notify the Court in writing, and the Court will issue a Findings and Recommendations recommending that Defendants Sampson, Reed, Gutierez, Gonzalez, Recendez and Hackett be dismissed from this action, and will forward Plaintiff one summons and one USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

(9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Hawkins on his First Amendment retaliation claim; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **May 6, 2009**  /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE